IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ANTHONY CRENSHAW,  :
    Petitioner  :
  : No. 1:22-cv-02009
v.  :
  : (Judge Rambo)
OFFICER MALDONADO,  :
    Respondent[1]  :

# MEMORANDUM

Petitioner Anthony Crenshaw, an inmate at the United States Penitentiary Canaan, in Waymart, Pennsylvania, filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  He seeks credit for time spent in detention prior to being convicted and sentenced, claiming that the Federal Bureau of Prisons (BOP) incorrectly calculated his prior custody time credit.  Because Crenshaw has failed to exhaust available administrative remedies, the Court must dismiss his Section 2241 petition.

## I.  BACKGROUND

Crenshaw is currently serving a 37-month sentence imposed by the United States District Court for the Northern District of Indiana for felon in possession of a

---

[1] The Court observes that Crenshaw is incarcerated in USP Canaan and thus the appropriate (and only) respondent would be the warden of that prison.  *See Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004) ("Whenever a . . . habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement.").  According to Respondent, the correct respondent is Acting Warden Eric Rokosky.  (*See* Doc. No. 18 at 2 n.1.)  Because Crenshaw's Section 2241 petition must be dismissed, the Court declines to *sua sponte* adjust the caption and parties in this case.

firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1). (*See* Doc. No. 18-2 at 2 ¶ 3; *id.* at 32-33.) His current projected release date, via good conduct time, is November 1, 2024. (*See* Doc. No. 18-2 at 2 ¶ 3; *id.* at 7.)

Crenshaw filed the instant Section 2241 petition in the United States District Court for the Northern District of Illinois in December 2022. (*See generally* Doc. No. 1.) The Northern District of Illinois promptly transferred the petition to this Court via 28 U.S.C. § 1406(a). (Doc. No. 3.) In his petition, Crenshaw contends that his prior custody time credit was improperly calculated by the BOP. (*See* Doc. No. 1 at 5.) Crenshaw, however, has failed to exhaust his administrative remedies, so the Court must dismiss his Section 2241 petition. Even if the Court could entertain Crenshaw's petition, it appears to be meritless.

## II.   DISCUSSION

Although there is no explicit statutory exhaustion requirement for Section 2241 habeas petitions, the United States Court of Appeals for the Third Circuit has consistently held that exhaustion applies to such claims. *See Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000) (citing *Schandelmeier v. Cunningham*, 819 F.2d 52, 53 (3d Cir. 1986)); *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996). Exhaustion allows the relevant agency to develop a factual record and apply its expertise, conserves judicial resources, and provides agencies the opportunity to "correct their own errors" thereby fostering "administrative autonomy." *Moscato*,

98 F.3d at 761-62 (citations omitted).  The Bureau of Prisons has a specific internal system through which federal prisoners can request review of nearly any aspect of their imprisonment.  *See generally* 28 C.F.R. §§ 542.10-.19.  That process begins with an informal request to staff and progresses to formal review by the warden, appeal with the Regional Director, and—ultimately—final appeal to the General Counsel.  *See id.* §§ 542.13-.15.

Exhaustion is the rule in most cases, and failure to exhaust will generally preclude federal habeas review.  *See Moscato*, 98 F.3d at 761.  Only in rare circumstances is exhaustion of administrative remedies not required.  For example, exhaustion is unnecessary if the issue presented is one that consists purely of statutory construction.  *See Vasquez v. Strada*, 684 F.3d 431, 433-34 (3d Cir. 2012) (citing *Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir. 1981)).  Exhaustion is likewise not required when it would be futile.  *Rose v. Lundy*, 455 U.S. 509, 516 n.7 (1982); *see Cottillion v. United Refining Co.*, 781 F.3d 47, 54 (3d Cir. 2015) (affirming, in ERISA context, futility exception to exhaustion requirement).

Crenshaw appears to concede that he has not exhausted his administrative remedies.  (*See* Doc. No. 1 at 6.)  Respondent likewise asserts that Crenshaw failed to properly exhaust his jail-credit claim.  (*See* Doc. No. 18 at 5, 7-8; *see also* Doc. No. 18-2 at 11-12.)  Crenshaw instead asks the Court to stay any ruling on his petition until he can exhaust.

The Court declines Crenshaw's invitation to stay this case. That is because, even if he had properly exhausted his claim, it appears that the BOP correctly calculated Crenshaw's prior custody time credit for his federal sentence.

Although Crenshaw argues that he should have received 583 days' jail credit for his pretrial detention from February 4, 2021, until his federal sentencing on September 8, 2022, he is incorrect. During much of that time—*i.e.*, until his release by state officials on March 22, 2022—Crenshaw was incarcerated by state authorities on state probation violation charges. (*See* Doc. No. 18-2 at 14-30.) Thus, during most of the time for which Crenshaw seeks prior custody credit, he was being held in pretrial detention for his state offense and that time in state custody was counted toward his state sentence. (*See id.* at 22.) Because 18 U.S.C. § 3585(b) and BOP sentencing policy[2] prohibit double credit for prior custody time, the time Crenshaw spent in state custody that was applied toward his state sentence cannot be counted toward his federal 922(g) sentence. The BOP thus properly credited Crenshaw for the time he spent in *federal* pretrial custody (March 23, 2022, through September 7, 2022) and the initial four days of detention not counted by state authorities. (*See* Doc. 18-2 at 4 ¶ 13.) In sum, it does not appear that the BOP's prior custody time credit calculation for Crenshaw's federal sentence is incorrect.

---

[2] *See* U.S. DEP'T OF JUSTICE, FED. BUREAU OF PRISONS, Program Statement 5880.28, p. 1-14 (1999).

Accordingly, because Crenshaw failed to exhaust his administrative remedies, the Court must dismiss his Section 2241 petition. *See Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 762 (3d Cir. 1996); *Ryan v. United States*, 415 F. App'x 345, 347 (3d Cir. 2011) (nonprecedential) ("As [Petitioner] readily acknowledges that he failed to exhaust available administrative grievance processes, the District Court was correct to dismiss his petition." (citing *Moscato*, 98 F.3d at 760)). The Court declines Crenshaw's request for a stay because the underlying jail-credit claim appears to be meritless. Crenshaw is free to attempt to exhaust his claim through the appropriate BOP channels and if, after fully exhausting his claim, he continues to maintain that the BOP improperly calculated his prior custody time credit, he may file a Section 2241 petition concerning that issue in the appropriate federal district court.

### III.  CONCLUSION

Based on the foregoing, the Court will dismiss Crenshaw's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. An appropriate Order follows.

s/ Sylvia H. Rambo
United States District Judge

Dated: June 15, 2023